**Clarence Larry YOUNGER, Petitioner,**

v.

**Pleasant C. SHIELDS et al., Respondents.**

Civ. A. No. 75–0670–R.

United States District Court,
E. D. Virginia,
Richmond Division.

May 12, 1976.

Clarence Larry Younger, pro se.

Linwood T. Wells, Jr., Asst. Atty. Gen., Richmond, Va., for respondents.

## MEMORANDUM

MERHIGE, District Judge.

Petitioner, an inmate of the Virginia Correction System, brings this petition for a writ of habeas corpus and for relief under 42 U.S.C. § 1983 against the respondents for their alleged denial of his right to due process under the Fourteenth Amendment to the United States Constitution. Respondents have moved to dismiss and filed exhibits and affidavits, hence the Court will treat their motion as one for summary judgment. Petitioner has responded to said motion and the matter is ripe for disposition.

Jurisdiction over the matter vests in this Court pursuant to 28 U.S.C. §§ 2254(a), 1343.

Petitioner was paroled by the Virginia Probation Parole Board under date of May 28, 1974. On November 27, 1974 he was found guilty of the unauthorized use of an automobile and sentenced to twelve months in jail. The Virginia Parole Board, concluding that the petitioner had violated a condition of his parole, specifically that he "[r]efrain from the violation of any penal laws and ordinances", issued a warrant for his detention on December 27, 1974. Petitioner was served with notice of a final parole revocation hearing, and on February 28, 1975 the final parole revocation hearing was conducted.

Petitioner alleges that he was not given a preliminary parole revocation hearing on his arrest for the alleged violation as mandated by the Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471, 484, 485, 92 S.Ct. 2593, 2602, 33 L.Ed.2d 484, 496 (1971).

" . . . Due process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available. (Citation omitted). Such an inquiry should be seen as in the nature of a 'preliminary hearing' to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that will constitute a violation of parole conditions." (Citation omitted).

See also *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 256 (1973). If probable cause is found, the alleged violator may be held in custody for a reasonable time awaiting a final revocation hearing. *Morrissey v. Brewer, supra*, 408 U.S. at 488, 92 S.Ct. at 2603, 33 L.Ed.2d at 498.

The defendants contend that it is not necessary to hold a preliminary hearing in cases where the alleged violation of conditions of parole is the commission of a crimi-

nal offense. The argument is based on an interpretation of the extent of the *Morrissey* directive, and were it not contradicted by dicta in a recent opinion of the United States Court of Appeals for the Fourth Circuit this Court would find such a contention persuasive. In *Morrissey*, where a preliminary hearing was required, a second conviction was not the basis of the charge of parole violation. Since the purpose of a preliminary hearing is to ascertain only that there is probable cause or reasonable grounds to believe that *acts were committed* that would constitute a violation of parole conditions, and a valid conviction in a court of competent jurisdiction of a second offense clearly subsumes that finding, a preliminary hearing appears to be a needless formality. The argument is further strengthened by the fact that the petitioner could not contest collaterally the validity of the subsequent conviction in either the preliminary hearing or the final revocation hearing. In *Morrissey* it was noted that "[o]bviously a parolee cannot relitigate issues determined against him in other forms, as in a situation presented when the revocation is based on conviction of another crime." 408 U.S. at 490, 92 S.Ct. at 2605, 33 L.Ed.2d at 499.

However, the United States Court of Appeals for the Fourth Circuit, in a footnote of a recent opinion, clearly expresses a contrary view.

> "The first hearing is designated as a 'prima facie' hearing, which should be held near in time and location to the place where the alleged violation occurred and which is to determine whether there is probable cause to believe the parolee has violated his parole. The reason for this requirement as to time and place was the inconvenience to the parolee and the difficulty on his part in offering proof and refutation of a claim or violation if he were remote from the place where the alleged violation occurred. · The reason would, however, not apply if the violation were admitted or rested on a conviction of an intervening criminal charge . . *The 'prima facie' hearing could be held elsewhere in these cases, usually at the*

*prison itself."* *Gaddy v. Michael*, 519 F.2d 669, 672–73 fn. 5 (4th Cir. 1975). (Citations omitted) (Emphasis added).

■ While the Court's inclination is to conclude that the failure to afford the petitioner a preliminary hearing was harmless, in light of the dicta expressed in the *Gaddy* case, *supra*, the Court must, at least for the moment, subjugate its convictions. It may be of course that the "personal interview" referred to in Respondent Shields' letter of March 7, 1975, filed with the motion to dismiss, constituted a preliminary hearing which satisfies the requirement expressed in *Gaddy*. In any event in light of *Gaddy*, additional facts must be adduced and the instant motion must fail.

■ The petitioner also alleges that he was denied the right to have witnesses present at his final parole hearing. Since the facts are in controversy, and his right to have witnesses testify on his behalf is undeniable, *Morrissey v. Brewer, supra*, it is inappropriate to decide this claim in the summary judgment context. *See* Fed.R. Civ.P. 56.

An appropriate order will issue.